IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
for the use of BELT CON CONSTRUCTION,
INC.,

        Plaintiff,

v.                                         CIV. No. 02-1398 JP/LAM

METRIC CONSTRUCTION CO., INC.,
and SAFECO INSURANCE COMPANY OF
AMERICA,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On March 19, 2003, Defendants Metric Construction Company, Inc., ("Metric") and Safeco Insurance Company of America ("Safeco") filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(3) (Doc. No. 14). Having considered the parties' briefs and the relevant case law, this Court will deny Defendants' Motion to Dismiss.

I.    **Background**

On or about October 1, 1999, Defendant Metric entered into a contract with the United States to perform the labor and furnish the materials for the construction of dormitories and physical training and security buildings at the FLETC Campus in Artesia, New Mexico. Metric is a California corporation with its principal place of business in Lake Village, California. On or about the same time, Defendants Metric and Safeco executed and delivered to the United States a

bond for the protection of the project.  Safeco is a corporation authorized to execute surety bonds in New Mexico with its principal place of business in Santa Ana, California.

On or about January 28, 2000, Plaintiff Belt Con Construction, Inc., ("Belt Con") and Defendant Metric entered into a subcontract, whereby Belt Con agreed to furnish certain labor and materials required for the construction project.  Belt Con is a Texas corporation with its principal place of business in El Paso, Texas.   The subcontract includes the following clause: "This Subcontract is executed in Ventura County, California.  Any legal action between the parties to this Subcontract shall be situated in Ventura County, California."  Complaint, Ex. A at 3.  There is, however, no federal district court situated in Ventura County.

After a conflict arose between Belt Con and Metric regarding the performance of the subcontract, Belt Con filed this suit alleging claims under the Miller Act, the Prompt Payment Act, and for breach of contract.  On March 19, 2003, Defendants filed a Motion to Dismiss based on improper venue.  Defendants contend that venue is proper only in the federal district court whose jurisdiction encompasses Ventura County, California.

II.     **Discussion**

The plaintiff has the burden of showing that venue is proper in the forum state.  M.K.C. Equipment Co., Inc. v. M.A.I.L. Code, Inc., 843 F.Supp. 679, 682 (D. Kan. 1994).  In considering a Rule 12(b)(3) motion, the court accepts the factual allegations regarding venue in plaintiff's complaint as true, draws all reasonable inferences from those allegations in plaintiff's favor, and resolves any factual conflicts in plaintiff's favor.  James v. Booz-Allen, 227 F.Supp.2d 16, 20 (D.D.C. 2002).

The Miller Act's venue provision states that any civil action brought under the Act must be brought "in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3). The parties here agree that the subcontract was to be performed and executed within the District of New Mexico, and thus, according to the Miller Act, venue would be proper in this District. Defendants argue, however, that the forum selection clause in the subcontract overrides the Miller Act's venue provision, so that venue is proper in the federal district court whose jurisdiction encompasses Ventura County, California. Plaintiffs counter that the venue provision in the subcontract is void as it attempts to divest the federal courts of their exclusive jurisdiction.

It is well-established that the venue provision under the Miller Act can be contractually waived by a valid forum selection clause. B & D Mechanical Contractors, Inc. v. St. Paul Mercury Ins. Co., 70 F.3d 1115, 1117 (10th Cir. 1995); United States ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enterprises, Inc., 62 F.3d 35, 36 (1st Cir. 1995). However, a forum selection clause is void and unenforceable if it attempts to divest the federal courts of their exclusive jurisdiction. B & D, 70 F.3d at 1117-18.

In B & D, the Tenth Circuit examined a forum selection clause, which provided: "The Subcontract Agreement and any claims arising under it shall be governed by the laws of the State of Texas and exclusive venue shall be proper in Bexar County, Texas." Id. at 1116. The defendants there argued that the forum selection clause designated only a state court forum. Id. at 1117. Noting that the Miller Act grants federal courts exclusive jurisdiction, the Tenth Circuit held that the forum selection clause attempted to divest the federal courts of their exclusive jurisdiction and, thus, was void and unenforceable. Id. at 1117-18. Although the defendants

3

suggested the federal district court for the Western District of Texas as an alternate forum, the court declined to transfer the case because "neither [defendants] nor we can rewrite the subcontract to choose a valid forum for them." Id. at 1118.

The forum selection clause in the subcontract here states, "*Any* legal action between the parties to this Subcontract *shall be situated in Ventura County, California*." Complaint, Ex. A at 3 (emphasis added). The plain meaning of this clause is that all suits arising from the subcontract must be brought in a court located in Ventura County, California. Since no federal court is located in Ventura County, California, the provision must refer to a state court forum in Ventura County. As Plaintiff's Miller Act claim arises from the subcontract, the forum selection clause would require Plaintiff's Miller Act claim to be decided in a state court, a result which would divest the federal courts of their exclusive jurisdiction. According to B & D, this forum selection clause is void and unenforceable.

Defendants, attempting to distinguish B & D, assert that the venue provision of the subcontract does not require that the case be filed in state court, only that the case be situated in Ventura County. At the same time, however, Defendants contend that the case should be transferred to the federal district court that encompasses Ventura County, which is the Western Division of the Central District of California. 28 U.S.C. § 84(c)(2). The Western Division of the Central District of California is only authorized to hold court in Los Angeles, California, which is not located in Ventura County. Defendants' interpretation of the forum selection clause would result in this case being situated in a county other than Ventura County, an interpretation that is clearly at odds with the plain reading of the subcontract's venue clause.

In support of their argument, Defendants rely on the First Circuit case of United States ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enterprises, Inc., 62 F.3d 35 (1st Cir. 1995).  In Pittsburgh Tank & Tower, the First Circuit looked at a subcontract's forum selection clause, which provided that "venue of all suits arising against CONTRACTOR under this contract shall be in Burlington County[, New Jersey]." Id. at 36.  The First Circuit held that the forum selection clause trumped the Miller Act's venue provision, even though the forum selection clause referred to a county that contained no federal court. Id.  However, in Pittsburgh Tank & Tower, both parties treated the forum selection clause as providing for venue in the federal district court for the district of New Jersey, so the First Circuit did not need to, and in fact did not, address the merits of the specific issue raised in this case – the validity of a forum selection clause that selects a state court forum that divests the federal courts of their exclusive jurisdiction over Miller Act claims.  See id.  Hence, the holding of Pittsburgh Tank & Tower does not apply here.

In sum, this Court finds that the plain meaning of the forum selection clause in this case requires that all suits, including those brought under the Miller Act, must be filed in a state court forum in Ventura County.  As the effect of this clause would divest the federal courts of their exclusive jurisdiction over Miller Act claims, the forum selection clause is void and unenforceable.  According to the Tenth Circuit in B & D, this Court cannot rewrite the subcontract to choose a valid forum for Defendants.  70 F.3d at 1118.  Therefore, given that the subcontract was to be performed in the District of New Mexico, venue is proper in this Court.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. No. 14) is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE