## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA
for the use of BELT CON CONSTRUCTION,
INC.,

      Plaintiff,

vs.                                                                                                       No. CIV 02-1398 JB/LAM

METRIC CONSTRUCTION, INC.,
AND SAFECO INSURANCE COMPANY OF
AMERICA ,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Partial Summary Judgment, filed July 19, 2004 (Doc. 60). The Court held a hearing on this motion on September 2, 2004. The primary issue is whether Defendant Metric Construction Co., Inc. ("Metric") can maintain a counterclaim for actual damages, which may include liquidated damages it paid the United States of America. Because the Court finds that Metric did not waive or release its claim against Use Plaintiff Belt Con Construction Inc. ("Belt Con") for delaying the project when it entered into a compromise settlement with the General Services Administration, and because there is a genuine issue of material fact whether Belt Con caused Metric to pay liquidated damages, the Court will deny the Plaintiff's Motion for Partial Summary Judgment.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On or about October 1, 1999, Metric entered into a contract with the United States to perform the labor and to furnish the materials for the construction of dormitories and physical training

and security buildings at the FLETC Campus in Artesia, New Mexico.  See Plaintiff's Complaint ¶ 5, at 2 (filed November 5, 2002)(Doc. 1); Defendants' Answer and Counterclaim ¶ 1, at 6 (filed April 29, 2004)(Doc. 57).  On or about October 1, 1999, pursuant to the terms of the contract, Metric, as principal, and Defendant Safeco Insurance Company of America ("Safeco"), as surety, executed and delivered to the United States their bond, conditioned, as required by the Miller Act, for the protection of all persons suppling labor and materials in the prosecution of the work provided in the contract.  See Plaintiff's Complaint ¶ 6 , at 2; Defendants' Answer and Counterclaim ¶ 6, at 2.  On or about January 28, 2000, Belt Con entered into a subcontract with Metric, whereby Belt Con agreed to furnish certain labor and materials required for the construction project. See Plaintiff's Complaint ¶ 7 , at 2-3. Defendants' Answer and Counterclaim ¶ 2, at 6.  Belt Con thereafter entered into performance of its subcontract, furnishing labor and materials as prescribed therein.  See Plaintiff's Complaint ¶ 8, at 3.

The original subcontract price in the subcontract between Belt Con and Metric was $3,094,000.00.  See Plaintiff's Complaint ¶ 8, at 3; Defendants' Answer and Counterclaim ¶ 8, at 2.  That price was adjusted to $3,143,000.00 by additions and deductions for changes in the work. See Plaintiff's Complaint ¶ 8, at 3; Defendants' Answer and Counterclaim ¶ 8, at 2. Metric has paid Belt Con $2,999,748.30 of the subcontract price.  See Plaintiff's Complaint ¶ 8, at 3; Defendants' Answer and Counterclaim ¶ 8, at 2.

Belt Con asserts that there is a balance due on the subcontract of $143,251.70. See Plaintiff's Complaint ¶ 8, at 3.  Belt Con also asserts Metric disrupted its work, causing Belt Con to incur additional costs: (i) for inefficiencies associated with work performed out of sequence; (ii) for not having access to work areas; (iii) because of interference from other contractors; (iv) for repair costs

for damages by others; and (v) for additional overhead costs totaling $241,334.97. See Plaintiff's Complaint ¶ 8, at 3. Belt Con further maintains it is entitled to $46,429.28 in penalty interest because Metric did not make payments to Belt Con as Metric was paid by the United States for work performed by Belt Con, made late payments, and underbilled the United States for work performed by Belt Con in violation of the Prompt Payment Act, 31 U.S.C. § 3905. See Plaintiff's Complaint ¶ 8, at 3. Belt Con also maintains Metric has been paid the full contract balance on its contract with the United States, but has not paid Belt Con the balance owing on its subcontract and thus Belt Con is entitled to penalty interest on $143,251.70 as provided in the Prompt Payment Act from the date such payment was due until paid. See Plaintiff's Complaint ¶ 8, at 3-4. In total, Belt Con claims Metric owes Belt Con $431,015.95, interest payments as provided in the Prompt Payment Act on $143,251.70, and attorneys fees. See Plaintiff's Complaint ¶ 8, at 3.

The Defendants deny owing any money to Belt Con. See Defendants' Answer and Counterclaim ¶¶ 8, 9, at 2. The Defendants allege that Belt Con failed to comply with the reasonable directives of Metric, failed to perform its work in a timely and reasonable manner, and otherwise acted negligently and/or intentionally in a such a manner as to delay the project. See id. ¶ 3, at 6. The defendants assert that there is no balance of $143,251.70 due to Belt Con because the United States assessed liquidated damages against Metric as a result of delay and other breaches of contract on the part of Belt Con. See id. ¶ 8, at 2. The Defendants contend Belt Con's conduct caused Metric damages in an amount of $229,924.80. See id. ¶ 5, at 7.

## PROCEDURAL BACKGROUND

Belt Con brought this action under the Miller Act, 40 U.S.A. §§ 270a-270d, for $431,015.95, interest, attorneys fees, and costs. The Defendants brought a counterclaim against Belt Con for

$299,294.80. This amount includes $171,600.00 for liquidated damages. Belt Con moves for an Order granting it partial summary judgment against the Defendants on their counterclaim for liquidated damages.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is proper when there is no genuine issue of material fact in a particular case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. For a nonmoving party to overcome a motion for summary judgment, the nonmoving party must base its affidavits upon personal knowledge and set forth facts that would be admissible in evidence. Affidavits with conclusions and self-serving statements are not sufficient. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

## ANALYSIS

There is a genuine issue of material fact concerning the Defendants' counterclaim against Belt Con. Accordingly, summary judgment for Belt Con is not appropriate.

### I.   METRIC DID NOT WAIVE OR RELEASE ITS CLAIM AGAINST BELT CON.

Belt Con argues that Metric waived any claim against Belt Con by entering into the Settlement Agreement with the government. Belt Con contends Metric is seeking a double recovery because it has already received $662,500.00 from the settlement. The Defendants maintain that Metric did not

waive or release its claim against Belt Con for delay damages.  The Defendants argue that the settlement agreement shows no intent to release Metric's claim against Belt Con.

The Settlement Agreement is a release of Metric's claims against the government.  The Settlement Agreement states: "Metric releases, waives and abandons all claims against the Government, or its officers, agents, or employees. . . ." See Settlement Agreement and Release (March 16, 2004) ¶ 13, at 2. There is no indication, however, that the Settlement Agreement is a waiver of Metric's claims against Belt Con.  The Settlement Agreement indicates that the government is maintaining its position that it "properly withheld and is entitled to liquidated damages," Id. ¶ 11, at 2.  It also indicates that "the Government's release of $415,342.01 is not a release of liquidated damages." Id. ¶ 14, at 2.

The Court concludes Metric did not waive its claim against Belt Con by settling its claim with the government.

## II. THERE IS EVIDENCE THAT METRIC HAS BEEN DAMAGED IN THE AMOUNT OF $171,600.00.

Belt Con alleges that Metric has not sustained actual damages as Article 8 of the Subcontract requires.  Belt Con asserts that Metric is only entitled to recover from Belt Con if the government requires Metric to pay liquidated damages to the government because of  delays Belt Con caused.  Because Metric entered into a settlement agreement with the government and received $662,500.00, Belt Con concludes Metric cannot offer evidence of payment of liquidated damages to the government.

The Defendants maintain that Metric suffered actual damages: the government withheld money from Metric's contract because of the delayed completion of the project.  The government

assessed liquidated damages of $410,473.01 against Metric for delays and withheld this amount. <u>See</u> Declaration of Tom Miller (August 2, 2004) ¶¶ 7, 8, at 2. Metric's expert determined that Belt Con was responsible for $171,600 of the liquidated damages. <u>See</u> <u>id</u>. ¶ 16-20, at 3. Metric sought $2,170,391.42 from the government, which included a release of the liquidated damages. <u>See</u> <u>id</u> ¶ 11, at 2. Metric and the government negotiated a settlement, and the government paid Metric $662,500.00. <u>See</u> <u>id</u> ¶ 13, at 2; Settlement Agreement and Release ¶ 10, at 2. The settlement indicated the government was not releasing the liquidated damages but was releasing all claims other than fraud and warranty claims. <u>See</u> Settlement Agreement and Release ¶¶ 13, 14, at 2. Metric argues that it can be inferred that the liquidated damages the government did not release were part of the $1,507,891 Metric claimed but did not receive.

Construing all facts and reasonable inferences in the Defendants' favor, the Defendants have demonstrated the existence of a genuine issue of material fact. The Defendants have presented evidence that Metric has been damaged in the amount of $171.900.00. The Court will therefore deny Belt Con's motion for summary partial judgment.

**IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Francis S. Ainsa, Jr.
Michael F. Ainsa
El Paso, Texas

– and –

assessed liquidated damages of $410,473.01 against Metric for delays and withheld this amount. <u>See</u> Declaration of Tom Miller (August 2, 2004) ¶¶ 7, 8, at 2. Metric's expert determined that Belt Con was responsible for $171,600 of the liquidated damages. <u>See id</u>. ¶ 16-20, at 3. Metric sought $2,170,391.42 from the government, which included a release of the liquidated damages. <u>See id</u> ¶ 11, at 2. Metric and the government negotiated a settlement, and the government paid Metric $662,500.00. <u>See id</u> ¶ 13, at 2; Settlement Agreement and Release ¶ 10, at 2. The settlement indicated the government was not releasing the liquidated damages but was releasing all claims other than fraud and warranty claims. <u>See</u> Settlement Agreement and Release ¶¶ 13, 14, at 2. Metric argues that it can be inferred that the liquidated damages the government did not release were part of the $1,507,891 Metric claimed but did not receive.

Construing all facts and reasonable inferences in the Defendants' favor, the Defendants have demonstrated the existence of a genuine issue of material fact. The Defendants have presented evidence that Metric has been damaged in the amount of $171.900.00. The Court will therefore deny Belt Con's motion for summary partial judgment.

**IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Francis S. Ainsa, Jr.
Michael F. Ainsa
El Paso, Texas

– and –

Travis R. Collier
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, NM

– and –

William J. Derrick
Law Office of William J. Derrick, P.C.
El Paso, Texas

    *Attorneys for the Plaintiff*


Christian C. Doherty
Albuquerque, NM

– and –

James B. Reeves
Reeves, Chavez, Albers, Anderson & Baca, P.A.
Albuquerque, New Mexico

– and –

Steven D. Meacham
Dann & Meacham
Seattle, Washington

    *Attorneys for the Defendants*