## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
for the use of BELT CON CONSTRUCTION,
INC.,

        Plaintiff,

vs.                                                                     No. CIV 02-1398 JB/LAM

METRIC CONSTRUCTION CO., INC.,
and SAFECO INSURANCE COMPANY
OF AMERICA,

        Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Use Plaintiff's Motion for Attorney Fees, filed January 14, 2005 (Doc. 110)("Motion"); and (ii) the Use Plaintiff's Supplemental Motion for Attorney Fees, filed March 4, 2005 (Doc. 123)("Supplemental Motion"). The Court held a hearing on the motions on November 1, 2005. The primary issues are: (i) whether Use Plaintiff Belt Con Construction, Inc. ("Belt Con") should be considered a prevailing party under California Civil Code § 1717, because it recovered a stipulated contract balance that was not litigated; and (ii) whether Belt Con, if found to be the prevailing party pursuant to § 1717, can recover fees and costs it incurred in pursuing claims for additional compensation unsuccessfully. Because the Court has already concluded that Belt Con is a prevailing party, and continues to believe that conclusion is correct, the Court will grant Belt Con's request for attorney fees relating to recovery of the contract balance, but deny its request to recover fees and costs associated with pursuit of delay damages.

## FACTUAL BACKGROUND

Belt Con was a subcontractor of Defendant Metric Construction Co., Inc. ("Metric"), which Defendant Safeco Insurance Company of America insured. See Findings of Fact and Conclusions of Law ¶¶ 2-3, at 2, filed December 30, 2004 (Doc. 106)("Findings and Conclusions"). At the end of the project for which Metric contracted with Belt Con, Metric did not pay Belt Con its contract balance, based on Metric's assertion that it was entitled to offsets because of deductive changes, failure to provide roof warranties, delays, and back charges for cleanup and other changes. See id. ¶¶ 6-7, 32-34, 43-46, 56-58, at 2, 9, 11, 13. Such offsets exceeded the balance otherwise due Belt Con under its contract with Metric. See Metric's Findings of Fact and Conclusions of Law ¶ 14, at 26, filed November 15, 2004 (Doc. 103)("Metric's Findings and Conclusions").

## PROCEDURAL BACKGROUND

Belt Con initiated this action to recover the balance it believed it was due under its contract with Metric, and additional compensation for extra work done, for Metric's failure to make proper and prompt payments, and for delays and disruptions to its work for which Metric was liable. See Complaint, filed November 5, 2002 (Doc. 1). Belt Con also sought attorneys fees and costs. See id. Metric did not dispute the balance due Belt Con under the contract, but denied being liable for additional compensation. See Metric's Answer and Counterclaim, filed April 29, 2004 (Doc. 57). Metric also asserted claims for deductive changes, roof warranties, delays that Belt Con caused, and other back charges. See id. Because Metric and Belt Con executed their contract in the State of California, California law governs the contract, and, therefore, the awarding of attorney fees and costs incurred in enforcing the contract. See Findings and Conclusions ¶¶ U-V, at 19-21.

Belt Con and Metric stipulated to the contract balance, which was not litigated at trial. See

Pretrial Order at 3, filed December 20, 2004 (Doc. 105). Metric, however, not only refused to pay Belt Con the contract balance, but sought an affirmative recovery against Belt Con in the amount of $347,265.98, after offsetting the contract balance, attorney fees, and interest. After the trial, the Court awarded nothing to Belt Con on its claims for additional compensation of $287,764.25, as Belt Con alleged in the Complaint, or of $303,421.00, as alleged at trial, inclusive of interest for under billing, late payments, and claims. See Farley's[1] Powerpoint Presentation, Plaintiff's Trial Exhibit 114 at 92 ("Farley's Powerpoint Presentation"). The Court found that, because Metric and other subcontractors delayed the project concurrently with Belt Con, Metric could not recover delay damages from Belt Con. See Findings and Conclusions ¶ T, at 19. The Court also concluded that, because Belt Con did not prove that the delays Metric caused amounted to a breach of contract, Article 8 of the subcontract barred Belt Con from recovering delay damages from Metric. See id., ¶ K, at 17. The Court concluded, however, that Belt Con was entitled to the contract balance. See id., ¶ F, at 16. Further, the Court found that Metric was entitled to $10,995.64 as an offset for two deductive changes and to additional offset of $6,000.00 for clean-up costs. See id., ¶ 23, at 7; ¶ 57, at 13.

The Court concluded that California Civil Code § 1717, which controls the awarding of attorneys' fees and costs for an action on a contract under California law, was the applicable basis for allowing attorneys fees, and that, under § 1717, Belt Con was the prevailing party on the contract. See id. ¶¶ U, V, W, at 19, 21. The net recovery to Belt Con, based on the stipulated contract balance, was $165,724.05, adjusting for Metric's offsets and interest on the difference. See id. ¶ X, at 21. On December 30, 2004, the Court entered a Final Judgment in favor of Belt Con and against

---

[1]Lyn Farley was Belt Con's expert witness.

-3-

Metric in the amount of $165,724.05.  See Final Judgment, filed December 30, 2004 (Doc. 107).  In its Final Judgment, the Court permitted Belt Con to submit its application for attorneys fees and costs pursuant to the Court's local rules and the Federal Rules of Civil Procedure.

On January 14, 2005, Belt Con filed its motion for attorney fees, requesting that the Court award it attorneys fees, and other related, non-taxable expenses in the amount of $168,984.48, pursuant to rule 54(d)(2)(A) of the Federal Rules of Civil Procedure and local rule 54.5.  See Motion ¶ 1, at 1.  In support of its motion, Belt Con submitted affidavits from its counsel -- William J. Derrick, Francis S. Ainsa, Jr., and Travis Collier -- and extensive exhibits.  See id. Exhibit A, Affidavit of William J. Derrick in Support of Use Plaintiff's Motion for Attorneys Fees (executed January 14, 2005); Exhibit B, Affidavit of Francis S. Ainsa Jr. (executed January 13, 2005); Exhibit C, Affidavit of Travis R. Collier (executed January 10, 2005).

Mr. Derrick, Belt Con's lead attorney, spent approximately 735.40 hours on the case and charged what Belt Con represents as the prevailing rate of $175.00 per hour for a total fee of $127,534.54.  See Belt Con's Attorney Fee Memo, ¶ 5, at 2.  Mr. Derrick's legal assistants spent approximately 372.35 hours working on the case at what Belt Con represents as the prevailing rate of $60.00 per hour for a total sum of $22,341.10.  See id.  Expenses related to representing Belt Con amounted to $6,608.90.  See id.  Mr. Ainsa spent 79.45 hours on the case and charged what Belt Con represents as the prevailing rate of $175.00 per hour for a total fee of $12,117.10, including reasonable expenses.  See id.  Local counsel, Travis R. Collier, spent approximately 1.9 hours working on the case and charged what Belt Con represents as the prevailing rate of $175.00 per hour for a total fee of $382.94, including reasonable expenses. See id.  Belt Con stated in its motion that it would supplement the motion to incorporate fees and costs incurred in responding to Metric's

motion to amend judgment.  See id. ¶ 6, at 2.

On January 10, 2005, Metric filed its Motion to Alter or Amend Judgment.  See Doc. No. 108.  On March 4, 2005, Belt Con filed a supplemental motion requesting that the Court award it attorneys fees and expenses amounting to $12,414.50, incurred in responding to Metric's motion to amend judgment.  See Supplemental Motion.  Belt Con included an affidavit from Mr. Derrick in support of its supplemental motion.  See Derrick Supplemental Affidavit, filed March 4, 2005 (Doc. No. 124).  Belt Con moved the Court to award it $181,398.98 for attorney fees and other related, non-taxable expenses.  Belt Con requested that the Court hold a hearing on the motion.  See Supplemental Motion at ¶ 5, at 2.

On November 1, 2005, the Court heard arguments on Metric's motion to amend judgment and Belt Con's motion for attorney fees.  See Clerk's Minutes, filed December 14, 2005 (Doc. 139).

On March 1, 2007, the Court entered it Memorandum Opinion and Order ruling on Metric's motion to alter or amend.  See Memorandum Opinion and Order, filed February 1, 2007 (Doc. 140).  The Court determined that there was no basis to alter or amend the Findings of Fact and Conclusions of Law regarding the apportionment of delay and the roof warranties, and denied Metric's motion in large part.  The Court granted, however, Metric's request to offset  $2,900.00 from the contract balance for the cost of the pipe identification work Belt Con did not perform.  Accordingly, the Court amended its Findings of Fact and Conclusions of Law to read: "Metric owes $123,356.06 plus prejudgment interest on the contract balance for the period starting November 14, 2001 and ending the date of this order.  Belt Con is also entitled to recover attorney fees and costs."  Id. at 41.

## CALIFORNIA CIVIL CODE § 1717

Like federal law, California law commits the question of reasonable attorneys fees to the trial court's discretion.  The party seeking attorneys fees bears the burden of proof.  See Fed-Mart Corp. v. Price, 111 Cal. App. 3d 215, 224, 168 Cal. Rptr. 525, 529-30 (Cal. Ct. App. 1980).   Under California law, the trial courts' awards of attorney fees are reviewed pursuant to the abuse-of-discretion standard.  See Beaty v. BET Holdings, Inc., 222 F.3d 607, 609 (9th Cir. 2000); PLCM Group, Inc. v. Drexler, 22 Cal. 4th 1084, 1095, 95 Cal. Rptr. 2d 198, 206, 997 P.2d 511, 518 (Cal. 2000).  A trial court's determination of which party prevailed in a contract action is an exercise of discretion that will not be disturbed absent a clear showing of abuse.  See Jackson v. Homeowners Association Monte Vista Estates-East, 93 Cal. App. 4th 773, 789, 113 Cal. Rptr. 2d 363, 375 (Cal. Ct. App. 2001).

### 1.      Prevailing Party.

Section 1717(b)(1) provides:

> The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment.  Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.  The court may also determine that there is no party prevailing on the contract for purposes of this section.

Cal. Civil Code § 1717(b)(1).  A party holding a judgment for an amount that was not disputed or litigated, and who was unsuccessful on the only contested issue in the case, is not a prevailing party. See National Computer Rental, Ltd. v. Bergen Brunswig Corp., 59 Cal. App. 3d 58, 63, 130 Cal. Rptr. 360, 363 (Cal. Ct. App. 1976).  When neither party obtains complete relief, courts may decide that one of the parties was the prevailing party or that neither of the parties was the prevailing party.

See Hsu v. Abbara, 39 Cal. Rptr. 2d 824, 829, 891 P.2d 804, 809 (Cal. 1995).

"[T]he party recovering 'greater relief in the action on the contract' under [Cal. Civ. Code § 1717(b)(1)] does not necessarily mean the party receiving the greater monetary judgment." Sears v. Baccaglio, 60 Cal. App . 4th 1136, 1154, 70 Cal. Rptr. 769, 781 (Cal. Ct. App. 1998). The court is to "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements and similar sources." Hsu v. Abbara, 39 Cal. Rptr. 2d at 823, 891 P.2d at 813.

In National Computer Rental, Ltd. v. Bergen Brunswig Corp., the plaintiff-lessor sued the defendant-lessee, "seeking three items of recovery: (1) $4,123.60 unpaid rent for . . . equipment; (2) $884 taxes due . . .; and (3) $22,100 termination fee." 59 Cal. App. 3d at 61, 130 Cal. Rptr. at 36. The defendant-lessee did not dispute the first two items, but did dispute whether it owed the termination fee that the lessor demanded. See id. The defendant-lessee in National Computer Rental, Ltd. v. Bergen Brunswig Corp. tendered the unpaid rent to the plaintiff-lessor, but the plaintiff-lessor rejected the tender, demanding the other two items it claimed. See id. 59 Cal. App. 3d at 63, 130 Cal. Rptr. at 363. Trial proceeded solely on the termination fee issue; liability for the unpaid rent and taxes, which the defendant-lessee admitted, was not litigated at trial. See id. The trial court denied the plaintiff-lessor recovery of the termination fee, and granted judgment to the plaintiff-lessor for the unpaid taxes and rent. See id. 59 Cal. App. 3d at 62, 130 Cal. Rptr. at 362. Thereafter, the plaintiff-lessor contended that the trial court erred in its awarding of attorney fees to the defendant-lessee. See id., 59 Cal. App. 3d at 63, 130 Cal. Rptr. at 363. The California Court of Appeal held that the defendant-lessee "prevailed on the only issue in the case; it is the 'prevailing party' within the meaning of section 1717, even though plaintiff nominally holds a judgment for an amount never disputed and

-7-

never litigated." Id.

While the California Court of Appeal decided National Computer Rental, Ltd. v. Bergen Brunswig Corp. before amendment to § 1717(b)(1) in 1987, California courts have continued to cite National Computer Rental, Ltd. v. Bergen Brunswig Corp. with approval. See Hsu v. Abarra, 39 Cal. Rptr. at 833; Sears v. Baccaglio, 60 Cal. App. 4th at 1151-55, 70 Cal. Rptr.2d at 779-81 (concluding that "the party recovering greater relief in the action on the contract under section 1717, subdivision (b)(1) does not necessarily mean the party receiving the greater monetary judgment").

In other California cases, the party obtaining an affirmative judgment was deemed not to be the prevailing party under § 1717(b)(1). In Sears v. Baccaglio, for example, the California Court of Appeal determined that the defendant landlord was the prevailing party even though a judgment was entered against it. See id., 60 Cal. App. 4th at 1159, 70 Cal. Rptr.2d at 784. A guarantor of a lease paid the landlord amounts due and then sued to recover the payments, arguing the guaranty was ineffective. See id., 60 Cal. App. 4th at 1140, 70 Cal. Rptr.2d at 772. The court ruled that the guaranty was effective and that, based on the landlord's mitigation of its damages by leasing the premises to another party, the landlord must return a portion of the amount the guarantor paid. See id. 60 Cal. App. 4th at 1141, 70 Cal. Rptr.2d at 773.

In Pacific Custom Pools, Inc. v. Turner Construction Co., 79 Cal. App. 4th 1254, 94 Cal. Rptr. 2d 756 (2000), a party that ended up paying claims was deemed the prevailing party. There, a general contractor successfully defended against a subcontractor's claim and settled a mechanic's lien by paying the subcontractor's suppliers. See id., 79 Cal. App. 4th at 1272-73, 94 Cal. Rptr. 2d at 769. Even though it obtained no recovery from the subcontractor and paid the subcontractor's suppliers, the California Court of Appeal determined that the general contractor was the prevailing

party.  See id.

In Jackson v. Homeowners Association Monte Vista Estates - East, 93 Cal. App. 4th 788, 113 Cal. Rptr. 2d 373 (Cal. Ct. App. 2001), a homeowners association argued that the plaintiffs did not prevail, because they did not obtain most of the relief they requested on their contract claim and did not obtain any injunctive relief as requested in their complaint.  See id. 93 Cal. App. 4th 788, 113 Cal. Rptr. 2d 373-74.  The plaintiffs argued, however, that they had achieved their main litigation objectives by obtaining an order for contract modification and that their nominal monetary recovery exceeded any recovery by the defendants.  See id.  The California Court of Appeals concluded:

> Neither argument is dispositive.  It should be clear from the foregoing that this was not a case in which there was a clear win by either side.  Both sides claim victory, and substantial arguments support both sets of claims.  Accordingly, we find that the issue falls within the trial court's broad equitable discretion.  No abuse of discretion has been shown, and the trial court's award of attorney fees to plaintiffs must therefore stand.

See id.

## 2.    Claims for Which Fees are not Recoverable.

In a case with multiple causes of action, "the prevailing party may recover fees under section 1717 only as they relate to the contract action."  Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir. 1985)(citing Reynolds Metals Co v. Alperson, 158 Cal. Rptr. 1, 3, 599 P.2d 83, 85 (Cal. 1979)).  The Court need not apportion, however, attorneys fees "when incurred for representation of an issue common to both a cause of action for which fees are proper and one in which they are not allowed." Id. (emphasis in original) (citing IMO Development Corp. v. Dow Corning Corp., 135 Cal. App.3d 451, 185 Cal. Rptr. 341, 349 (1982).  The test for determining whether to segregate attorneys fees is whether the issues or causes of action are "inextricably intertwined."  See id.

In <u>Diamond v. John Martin Co.</u>, the plaintiff alleged a breach of contract, among other claims. <u>See</u> 753 F.2d at 1467.  The defendant was successful on the breach of contract claim.  <u>See</u> <u>id.</u>  The United States Court of Appeals for the Ninth Circuit stated that, under California law, where a cause of action based on a contract providing for attorney fees is joined with other causes of action beyond the contract, the prevailing party may recover fees under § 1717 only as they relate to the contract action.  <u>See</u> <u>id.</u>  The Ninth Circuit also recognized, however, that the converse is true:  joinder should not dilute the right to attorneys fees when incurred for representation on an issue common to both a cause of action for which fees are proper and one in which they are not allowed.  <u>See</u> <u>id.</u>  Accordingly, the Ninth Circuit held that the trial court did not err in limiting the award to only those fees incurred in the defense of the breach of contract claim.  <u>See</u> id. at 1467.

## ANALYSIS

Under § 1717(b)(1), the Court must look beyond the fact that Belt Con obtained an affirmative judgment.  The Court must base its decision on its Final Judgment and Findings of Fact and Conclusions of Law, and on the parties' pleadings and papers.  The Court finds that Belt Con is entitled to an award of attorneys fees because it is deserving of such under applicable law as the prevailing party in this action.  <u>See</u> Findings and Conclusions at 19-21 ("The Court concludes that Belt Con is the party prevailing on the contract."); Final Judgment, filed December 30, 2004 (Doc. 107) at 1 ("[Belt Con] is permitted is permitted to submit its application for fees and costs pursuant to the Court's local rules and the Federal Rules of Civil Procedure.").   The Court cannot on the record before it, however, find that Belt Con is entitled to $181,398.98 for attorneys fees and related costs.

I.    **BELT CON WAS THE PREVAILING PARTY UNDER § 1717.**

The Court has already found that Belt Con is the prevailing party.  See Findings and Conclusions at 19-21 ("The Court concludes that Belt Con is the party prevailing on the contract."). Nevertheless, Metric opposes Belt Con's motion for attorney fees, arguing that, under §1717, Belt Con was not the prevailing party.  See Defendants' Opposition to Belt Con's Motion for Attorney Fees, filed January 31, 2005 (Doc. 114)("Metric's Response").  Metric contends that Belt Con was not the party that recovered greater relief.  See id. at 6.  Metric argues that, for the claims that the parties disputed and litigated, Belt Con did not prevail on any of those claims, while Metric prevailed on some of its claims.  See id. at 3-6.

The Court believes that its earlier determination that Belt Con was the prevailing party remains correct.  Metric argues that Belt Con prevailed only on its contract claim, to which the parties stipulated to and which thus was not litigated.  See id. at 5.  Metric contends that such limited success does not make Belt Con the prevailing party.  See id.  Metric argues that California law not only requires the Court to consider which party obtained judgment in its favor, but also which party achieved more of its litigation objectives.  See id. at 5-6.  Metric maintains that, considering Belt Con's failure to succeed on non-stipulated claims, and Metric's limited success on its counterclaims, it was the prevailing party or, in the alternative, that there was no prevailing party.  See id. at 6.

While Metric may have stipulated to the contract balance, it did not stipulate to Belt Con's entitlement to the contract balance.  Metric cannot thus argue on good grounds that the contract balance was not litigated at trial.  To recover the contract balance, Belt Con had to file this suit and litigate all issues in the case, which Metric vigorously contested.

Given that Belt Con secured, for the most part, one of its claims, Belt Con is "the party who

recovered a greater relief in the action on the contract." Cal. Civil Code § 1717(b)(1). The Court's Final Judgment is in favor of Belt Con and against Metric in the amount of $123,356.06 plus prejudgment interest, attorneys fees and costs. While that Judgment is not determinative, it is a good starting point. Belt Con recovered something significant; Metric, on the other hand, succeeded only on relatively minor points.

Belt Con sought to recover over $280,000.00 in delay and disruption costs, in addition to the undisputed and stipulated contract balance. See Complaint at 3. Metric sought to recover $438,279.22 for liquidated damages, interest, costs for work that Belt Con did not perform, and credit for deductive changes. See Metric's Findings and Conclusions at 26. Belt Con recovered none of its disputed claims. See Findings and Conclusions at 16-18. The Court concluded that Metric was entitled to offset from the contract balance $10,995.64 for work deleted from the contract, $6,000.00 for clean-up work that Belt Con did not perform, and $2,900.00 for the pipe identification work that Belt Con did not perform. See Findings and Conclusions at 7-6, 13; Memorandum Opinion and Order at 41.

The crux of the case was whether Belt Con or Metric was entitled to compensation from the other for delays. Metric sought $316,979.52 in delay costs, while Belt Con sought $210,159.85 in delay costs. See Metric's Findings and Conclusions at 26; Request by Use Plaintiff for Findings of Fact and Conclusions of Law, filed November 15, 2004 (Doc. 100) at 1, 3. Neither side prevailed on this issue.

The Court finds that Belt Con was the prevailing party, because it prevailed on the claims that were in dispute and litigated. In looking at all the disputed issues, the parties' respective positions, and their respective recoveries on their disputed claims, Metric partially prevailed on only a few minor

-12-

offset issues, while Belt Con prevailed on its contract claim in the amount of $123,356.06.  <u>See</u>
Memorandum Opinion and Order at 41.  While Metric also prevailed on its claim that Belt Con
breached the contract by not providing roof warranties, the Court did not award damages for the
breach.  <u>See</u> Findings and Conclusions at 19.

   Because Belt Con was more successful than Metric on the litigated issues, the Court
concludes that Belt Con and not Metric was the prevailing party.

   The judgment alone does not render Belt Con the prevailing party.  In reaching its conclusion,
the Court did not look merely at Belt Con's receipt of affirmative relief to determine whether it
prevailed.  Here, however, that fact is such a dominant issue that it overshadows every other factor.

   This case is not comparable to <u>National Computer Rental, Ltd. v. Bergen Brunswig Corp.</u>,
because that case is not factually similar to this case.  <u>See</u> 59 Cal. App. 3d 58, 63, 130 Cal. Rptr. 360,
363.  Unlike the defendant-lessee in <u>National Computer Rental, Ltd. v. Bergen Brunswig Corp.</u>,
Metric did not tender the contract balance to Belt Con and, in fact, vigorously disputed Belt Con's
entitlement to the contract balance, arguing that Belt Con owed it $343,434.75 plus interest in
liquidated damages.  <u>See</u> Metric's Findings and Conclusions at 26.

   In <u>Jackson v. Homeowners Association Monte Vista Estates - East</u>, the homeowners'
association made the same argument that the Defendants make in this case.  <u>See</u> 93 Cal. App. 4th
773, 113 Cal. Rptr. 2d 363 (2001).  The homeowners' association argued that the plaintiffs did not
prevail, because they did not obtain most of the relief they requested on their contract claim.  <u>See</u> <u>id.</u>
at 373-374.  The California Court of Appeals rejected that argument, stating that, because "there was
[not] a clear win by either side . . . the issue falls within the trial court's broad equitable discretion."
<u>Id.</u> at 374.  The Court, interpreting California law, will hold likewise.

## II.    BELT CON IS NOT ENTITLED TO RECOVER FEES AND COSTS FOR UNSUCCESSFUL CLAIMS.

While the Court has ruled that Belt Con is the prevailing party, it is not entitled to recover all of the attorneys fees and costs it seeks.  Belt Con cannot recover attorneys fees and costs related to its unsuccessful claims for additional compensation.  Specifically, Belt Con must segregate the attorneys fees and costs related to the contract balance and its defense of Metric's counterclaim, from those attorneys fees and costs associated solely with seeking its delay damages.

At issue are three categories of claims -- Belt Con's claim for delays and disruptions, and Metric's counterclaim for liquidated damages and deductive changes -- two of which contain elements that are inextricably intertwined with one another.  Both of Belt Con's claims arise under the contract: one for the contract balance and one for additional damages resulting from delays that Metric caused in performing the contract.  To prevail on either claim, Belt Con was required to successfully defend against Metric's counterclaim.  To that extent, many of the issues are "inextricably intertwined."  Belt Con was required to prove that Metric and its subcontractor, R&R Concrete Contractors, Inc., caused the delays to the project and that Belt Con, therefore, could not be held responsible for delay damages.

Belt Con's defense to Metric's counterclaim for delay damages and attorney fees was an integral and necessary part of its claim to recover the contract balance plus interest.  To deny Belt Con its attorneys fees incurred in defending against Metric's counterclaim would amount to denying any attorneys fees to Belt Con.

The only evidence necessary to support the contract balance claim was the stipulation.  See Findings and Conclusions ¶ 6 at 2.  Belt Con's evidence in support of its claim for delays and

-14-

disruptions consisted of Belt Con's expert and its own witnesses regarding the project.  Belt Con disputed Metric's counterclaim by using the delay analysis Metric provided to the General Services Administration and discrediting Metric's witnesses.  There does not appear to be evidence relevant to the contract balance that is not also relevant to the defense against Metric's counterclaims.

Belt Con did not dispute Metric's counterclaim for deductive changes for work deleted from the contract.  See Findings and Conclusions ¶ 23 at 7.  At trial, Belt Con admitted that it did not perform the pipe identification and some of the clean-up work.  See Trial Transcript at 100:12-105:5 (Beltran)(taken November 1, 2004) ("November 1, 2004 Transcript"); Trial Transcript at 65:4-10 (Pehrson)(taken November 3, 2004, a.m.).  These deductive changes were, however,  incidental to the delay issue.  No apportionment is therefore necessary.  The Court will award Belt Con all of its attorneys fees and costs in this action for its contract claim and its defense of Metric's counterclaims. The Court will not require Belt Con to segregate the fee between Belt Con's contract claims and its defense of Metric's counterclaim.

With regard to Belt Con's claim for delay damages, the Court is concerned that Belt Con incurred some attorneys fees and costs in pursuit of its delay claim against Metric that were unnecessary to its prosecution of the contract balance claim or its defense against Metric's counterclaim.  For example, Farley seemed to expend time and energy calculating construction costs due to inefficiencies and out-of-sequence work using the measured-mile approach.  See Trial Transcript at 7:4-16:18 (Farley)(taken November 2, 2004, a.m.-2).  Farley's measured-mile analysis is relevant to Belt Con's unsuccessful claim for additional costs because of inefficiencies and out-of-sequence work, but does not seem relevant to Belt Con's contract-balance claim or its defense against Metric's counterclaim.  Moreover, while it is true that Belt Con's claims and Metric's counterclaim

both hinged on whether one or both of them caused the delay to the project, there appears to be evidence relevant only to the discreet claim that Belt Con made against Metric for delay. See id.; Farley's Powerpoint Presentation at 92-100.

While there was considerable overlap between the issues each party's claims for delay raised at trial, Belt Con attempted to show delay on Metric's part that was unnecessary either to prove its right to recover the contract balance or to defeat Metric's counterclaim. For example, Farley testified that, during his May 9, 2001 inspection, the masonry work was complete but that the structural roof on Building 19 was not complete, which made it impossible to install the permanent roofing. See November 1, 2004 Transcript at 239:8-21 (Farley); Farley's Powerpoint Presentation at 2. To the extent, that Belt Con's claims for delay are not inextricably intertwined with Metric's counterclaim for Belt Con's delays, Belt Con must segregate its attorneys fees between its claims for relief on delay and Metric's counterclaim.

Belt Con is entitled only to attorneys fees and costs related to seeking the contract balance and defending against Metric's counterclaim. Belt Con did not segregate its attorneys fees and costs for the distinct work it did on its claim for delay damages. Belt Con has the burden of proving what fees related to the contract balance and defense of Metric's counterclaim, the claims upon which Belt Con prevailed. Belt Con has not done so, thus there is no basis to award fees to Belt Con at this time. An evidentiary hearing regarding Belt Con's fees and costs may be necessary before the Court can make a ruling on how to segregate recoverable attorneys fees and costs, and an actual award of fees and costs. Until Belt Con attempts to remove any fees and costs associated solely with its prosecution of its delay claim against Metric, however, the Court does not believe an evidentiary hearing would be helpful.

**IT IS ORDERED** that the Use Plaintiff's Motion for Attorney Fees is granted in part and denied in part.  Belt Con is the prevailing party and is awarded all fees and costs incurred in prosecuting its contract claim and in defending against Metric's counterclaim.  Belt Con must, however, segregate and deduct any fees and costs, if any, associated solely with its prosecution of its delay claim against Metric.

_____
UNITED STATES DISTRICT JUDGE

_Counsel_:

William J. Derrick
Law Office of William J. Derrick, P.C.
El Paso, Texas

 *Attorney for Plaintiff Belt Con Construction, Inc.*

Steven D. Meacham
Dann & Meacham
Seattle, Washington

 *Attorneys for the Defendants*

-17-