## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
for the use of BELT CON CONSTRUCTION,
INC.,

        Plaintiff,

vs.                                                                  No. CIV 02-1398 JB/LAM

METRIC CONSTRUCTION, INC.,
and SAFECO INSURANCE COMPANY OF
AMERICA

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Belt Con's Motion to Calculate Pre-Judgment Interest and Set Post-Judgment Interest Rate, filed June 22, 2009 (Doc. 172). The primary issues are: (i) whether pre-judgment interest should be calculated to run to the original Judgment entered on December 30, 2004 or from the Court's Memorandum Opinion and Order entered on March 1, 2007; (ii) whether the post-judgment interest rate should be set as of December 30, 2004 or March 1, 2007; and (iii) whether the post-judgment interest on the damage award and on the attorney fees and costs should be calculated collectively or as two separate calculations. Because the Court believes that its March 1, 2007 Memorandum Opinion and Order did not change the Court's December 30, 2004 final judgment for purposes of calculating pre-judgment and post-judgment interest, and no correction is required in any of the Court's filings, the Court will deny the rule 60 motion. The Court, however, will clarify the date upon which pre-judgment interest stopped accumulating and post-judgment interest began accumulating. Because the case law establishes that the date of the judgment is the starting point for post-judgment interest, the Court

will use the date of its final judgment -- December 30, 2004 -- to state the proper interest figures.

## PROCEDURAL BACKGROUND

This dispute arose out of a subcontract between Belt Con Construction Inc. ("Belt Con") and Defendant Metric Construction Co., Inc. ("Metric") for the construction of dormitories and physical training and security buildings at the Federal Law Enforcement Training Center in Artesia, New Mexico. Belt Con filed its Complaint against Metric on November 5, 2002, seeking damages in the amount of $143,251.70 in contract balance, $241,334.97 for delay damages, and $46,429.28 for Metric's "withholding of payment, late payments, and by underbilling the United States . . . in violation of the Prompt Payment Act." Complaint at 3, filed November 5, 2002 (Doc. 1) ("Complaint"). The Court held a bench trial on November 1-4, 2004. The Court issued its Findings of Fact and Conclusions of Law, see Doc. 106, and Final Judgment, see Doc. 107, on December 30, 2004. The Court found that California law governed the contract between Metric and Belt Con, and applying that law to the factual findings, the Court determined that Belt Con was entitled to the unpaid balance on the contract, plus interest, and granted Metric clean-up costs. As regards to attorney fees, the Court found that Belt Con was the prevailing party.

On March 1, 2007, the Court entered a Memorandum Opinion and Order granting in part and denying in part Metric's Motion to Alter or Amend Judgment, reducing the award to Belt Con by the value of the pipe-identification work, correcting scrivener's errors in the findings and conclusions, and denying Metric's motion to reduce the award further by the value of the roof warranties. See Memorandum Opinion and Order, filed March 1, 2007 (Doc. 140). Metric appealed that decision to the United States Court of Appeals for the Tenth Circuit, see Notice of Appeal, filed April 2, 2007 (Doc. 142), and the Tenth Circuit affirmed this Court's decision on February 25, 2009. The mandate issued on March 19, 2009. See Mandate of United States Court of Appeals, filed

March 20, 2009 (Doc. 170).

On December 1, 2007, the Court entered a Memorandum Opinion and Order granting in part and denying in part Belt Con's Motion and Supplemental Motion for Attorneys Fees, awarding Belt Con attorney fees and costs of $146,602.97.   See Memorandum Opinion and Order, filed December 1, 2007 (Doc. 158).  Belt Con also moved for attorney fees for its appeal to the Tenth Circuit, which the Tenth Circuit denied on April 27, 2009.  See Order Denying Attorneys Fees, filed April 27, 2009 (Doc. 171).  The Tenth Circuit also denied Belt Con's Motion to Reconsider on May 13, 2009.

On June 22, 2009, Belt Con filed this motion, which asks the Court to clarify its judgment, pursuant to rule 60(a) of the Federal Rules of Civil Procedure.  See Motion at 1.  Belt Con argues that the pre-judgment interest calculation runs to the Court's March 1, 2007 Memorandum Opinion and Order, because the Court did not finally quantify the judgment amount until March 1, 2007. See Motion at 5.  Belt Con also contends that any other interpretation would require the Court to amend its judgment pursuant to rule 59, which requires a motion to alter or amend judgment. See Motion at 5.  Belt Con also contends that the post-judgment interest rate should be set as of March 1, 2007 and then reset as of December 1, 2007 -- the date of the Court's award of attorney fees and costs.  Belt Con requests that the Court order Metric to pay Belt Con $65,294.22 in pre-judgment interest and pay post-judgment interest on $188,650.28 at 5.05% from March 1, 2007 to December 1, 2007, and at 3.25% on $342,431.01 from December 1, 2007 until paid.

Metric argues that the Court should deny the motion, or, in the alternative, that the Court should affirm Metric's calculation of the proper amount of interest.  Metric argues that the date of the Court's Final Judgment -- December 30, 2004 -- is the controlling date for when pre-judgment interest stopped accruing and post-judgment interest began accruing, because it is the only date

-3-

which (i) complies with the mandatory provisions of 28 U.S.C. § 1961; (ii) is internally consistent with the Court's Final Judgment and paragraph X of the Court's Findings of Fact and Conclusions of Law, as revised by the Court's March 1, 2007 Memorandum Opinion and Order; and (iii) does not unjustly penalize Metric with having to pay pre-judgment interest for the two years that elapsed after the Final Judgment was entered and the March 2007 Memorandum Opinion and Order was issued.  See Defendants' Memorandum in Opposition to Belt Con's Rule 60(a) Motion to Clarify Judgment at 1, filed July 10, 2009 (Doc. 174)("Response").  Metric argues that Belt Con is seeking to unjustly reap two additional years of pre-judgment interest at the higher 10% rate than the post-judgment interest rate, which Metric contends should be 2.71%.  See  Response at 2.  Metric contends that the Court's December 30, 2004 Final Judgment was final, appealable, and ascertained and quantified Belt Con's damages in a meaningful way, and Metric argues that neither this Court nor the Tenth Circuit have entered a subsequent judgment or order that vacates the December 30, 2004 judgment.  Metric argues that the Court did not issue new factual findings or conclusions of law, but ordered only that paragraph X to the December 30, 2004 Findings of Fact and Conclusions of Law be amended or altered.  See Response at 4.  Metric contends that post-judgment interest measured from December 30, 2004 comports with the compensatory goal of § 1961, and compensates Belt Con "for being deprived of compensation for the loss between the ascertainment of the damage and payment by the defendant."  Response at 8 (quoting Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990)).     Metric further argues that Belt Con's position improperly assumes that the phrase "ending the date of this order" contain in the Court's March 1, 2007 Memorandum Opinion and Order revision to paragraph X meant March 1, 2007 -- thus vacating the December 30, 2004 decision rather than amending the language of the December 30, 2004 Findings of Fact and Conclusions of Law.  Response at 9.

Metric agrees with Belt Con that the post-judgment interest on the Court's award of attorney fees and costs should be set as of the date of the award on December 1, 2007. See Response at 2. Metric argues, however, that Belt Con's proposed calculations incorrectly combines the judgment on the merits and the award for fees and costs. See Response at 2. Metric contends that two calculations are required: one for the total damages award, including pre-judgment interest at the 2.71% interest rate; and another for the fees and costs from the date of the fees award at the 3.25% interest rate. See Response at 2.

According to Metric, the proper calculations are as follows: (i) pre-judgment interest calculated at 10% from November 14, 2001 to December 30, 2004, based on the revised contract balance of $123,356.06 totals $38,561.44; (ii) post-judgment interest on the damage award calculated at 2.71% from December 30, 2004 until March 12, 2009 totals $19,214.67 using annual compounded interest; and (iii) post-judgment interest on the attorney fees award calculated at 3.25% from December 1, 2007 to March 12, 2009 equals $6,126.07. See Response at 11.

In its Reply, Belt Con conceded Metric's argument that post-judgment interest on the Court's award of attorney fees and costs should be calculated separately from the interest on the damages award. See Belt Con's Reply to Defendants' Memorandum in Opposition to Belt Con's Rule 60(a) Motion to Clarify Judgment at 2, filed July 31, 2009 (Doc. 176). Belt Con contends that the Court's December 30, 2004 judgment was not final until the Court ruled on Metric's Motion to Alter or Amend the Judgment. See Reply at 2. Belt Con also argues that the Court has the authority to extend pre-judgment interest to the date of its Memorandum Opinion and Order issued on March 1, 2007. See Reply at 4.

## LAW REGARDING PRE- AND POST-JUDGMENT INTEREST

28 U.S.C. § 1961(a) provides:

(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

(b) Interest shall be computed daily to the date of the payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

Section 1961 applies only to post-judgment interest, and not to pre-judgment interest. See Caldwell v. Life Ins. Co. of N. Am., 287 F.3d 1276, 1287 (10th Cir. 2002). In Frymire v. Ampex Corp., 61 F.3d 757 (10th Cir. 1995), the Tenth Circuit stated:

Apparently the Supreme Court has tacitly agreed that § 1961(a) does not control the award of prejudgment interest. In Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827 (1990), four Justices noted that § 1961 was a postjudgment and not a prejudgment statute and suggested that the remaining Justices on the Court agreed.

61 F.3d at 773. Awarding post-judgment interest is mandatory. See Bancamerica Commer. Corp. v. Mosher Steel, 103 F.3d 80, 81 (10th Cir. 1996).

Calculating pre-judgment interest "rests firmly within the sound discretion of the trial court." Caldwell v. Life Ins. Co. of N. Am., 287 F.3d at 1287 (citations omitted). The Tenth Circuit has outlined the two-step approach for determining whether to award pre-judgment interest: "The district court must first determine whether the award of prejudgment interest will serve to compensate the injured party. Second, even if the award of prejudgment interest is compensatory in nature, the district court must still determine whether the equities would preclude the award of prejudgment

interest." Id. at 1286 (citations and internal quotations omitted).  "[A] federal rate of interest rather than the state rate applies where jurisdiction is based on a federal question."  Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc., 295 F.3d 1065, 1077 (10th Cir. 2002)(citations omitted).

### 1. When Accumulation of Pre-Judgment Interest Ends and Post-Judgment Interest Begins.

Post-judgment interest compensates plaintiffs "for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. at 835-36 (citations and internal quotations omitted).  Section 1961(a) states that "[s]uch interest shall be calculated from the date of the entry of the judgment."  28 U.S.C. § 1961(a).  The Tenth Circuit has held that post-judgment interest "should be calculated from the date that a plaintiff's damages are meaningfully ascertained and included in a final, appealable judgment."  Wilson v. Union Pac. R.R. Co., 56 F.3d 1226, 1233 (10th Cir. 1995).  See Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. at 835 ("In light of the plain language [of § 1961] and the absence of legislative intent to the contrary, we conclude that postjudgment interest properly runs from the date of the entry of judgment."); Litwinowicz v. Weyerhaeuser Steamship Co., 185 F. Supp. 692, 693-94 (E.D. Pa. 1960)(holding that post-judgment interest ran from date of entry of the judgment and not from the date of disposition of the post-trial motions reducing the amount of the judgment).

In Young v. American Nutrition, Inc, 537 F.3d 1135 (10th Cir. 2008), the defendants appealed the district court's order confirming an arbitration award, and a subsequent order awarding pre-judgment and post-judgment interest.  The defendants argued that the district court erred in setting the date on which pre-judgment interest was to end and post-judgment interest was to begin. See 537 F.3d at 1146.  The district court entered the order confirming the arbitration award on

August 9, 2006.  After the district court had issued an order denying a motion for attorney fees and granting the motion for interest on the judgment, the formal entry of judgment was on October 5, 2006.  This judgment was followed by an amended judgment five days later. The district court used the date of the first entry of judgment, October 5, as the date for the post-judgment rate to begin.  The defendants argued that the date upon which pre-judgment interest accumulation ceased and post-judgment interest accumulation began should have been the date of the court's order confirming the arbitration award -- August 9.  The Tenth Circuit held that the district court was correct when it used the date of the original judgment -- not its amended judgment -- as the point at which to end the accumulation of pre-judgment interest and begin the accumulation of post-judgment interest.  See 537 F.3d at 1146 ("Judgment was entered in this case when the court filed a separate document in accordance with Rule 58, and the district judge correctly used that date as the time for the post-judgment interest rate to be applied.").

Other circuits have held that, where there are amended judgments, post-judgment interest begins to accrue from the entry of the original judgment.  See Greenway v. Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998); Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 97-100 (3d Cir. 1993)(finding that plaintiffs were entitled to post-judgment interest accruing from date of original judgment rather than from date of judgment entered after damages retrial or from date of mandate issued after first appeal); Marshall v. Perez-Arzuaga, 866 F.2d 521 (1st Cir. 1989); Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 794, 799 (11th Cir. 1988)("Where, as here, an award of costs is modified by the district court, interest on the revised award should run from the date of the original award because that is the date on which the correct judgment should have been entered.").  In Greenway v. Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998), the United States Court of Appeals for the Second Circuit held that judgment was ascertained in a meaningful

-8-

way at the time of the original judgment, and thus post-judgment interest accrued from that date and not from the date of an amended award reducing the judgment amount. See 143 F.3d at 55 ("Interest should only accrue, however, on the amount of the reduced judgment we have permitted to stand after this appeal."). In Marshall v. Perez-Arzuaga, 866 F.2d 521 (1st Cir. 1989), the United States Court of Appeals for the First Circuit held that "entry of judgment" in § 1961(a) means the initial entry of the district court's judgment as opposed to the later entry of the court's judgment on the defendant's motion for a judgment notwithstanding the verdict. See 866 F.2d at 523-24. The Tenth Circuit has cited Marshall v. Perez-Arzuaga with approval in holding that post-judgment interest accrues with the "first document" that "meets the requirements of Rule 58." Hull by Hull v. United States, 971 F.2d 1499, 1509 (10th Cir. 1992), cert. denied, 507 U.S. 1030 (1993). The United States Court of Appeals for the Seventh Circuit in Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 585 F.2d 821 (7th Cir. 1978), cert. denied, 440 U.S. 930 (1979), concluded that motions for judgment not withstanding the verdict or for a new trial do not delay the entry of judgment for purposes of accruing post-judgment interest. 585 F.2d at 845-46 ("§ 1961 does not in terms require that a judgment be final in the sense of tying up all the issues in a case").

   2.   **Post-Judgment Interest on Attorney Fees.**

   The Tenth Circuit has concluded that attorney fees and costs form part of the judgment upon which district courts should grant post-judgment interest. See Wheeler v. John Deere Co., 986 F.2d 413, 415 (10th Cir. 1993); Transpower Constructors, Div. of Harrison Int'l Corp. v. Grand River Dam Authority, 905 F.2d 1413, 1423-24 (10th Cir. 1990). In the case of attorney fees and costs, post-judgment interest begins to accrue when the fees and costs "are quantified and reduced to a judgment," and not from the date on which the district court enters a merits judgment. Midamerica Fed. Sav. & Loan Ass'n v. Shearson/American Express, Inc., 962 F.2d 1470, 1476

(10th Cir. 1992).  See Wheeler v. John Deere Co., 986 F.2d at 415-16.  The Tenth Circuit has

explained that "it is necessary in some cases to apply different start dates and rates of postjudgment

interest to different components of a money judgment."   Greene v. Safeway Stores, Inc.,

No. 99-1393, 2000 U.S. App. LEXIS 8541, at *6 (10th Cir. Apr. 28, 2000).  See Midamerica Fed.

Sav. & Loan v. Shearson/American Express, Inc., 962 F.2d at 1475-76 (holding that, where district

court entered the judgment on a jury verdict and the judgment awarding attorney fees separately,

post-judgment interest began to accrue on the two amounts on their respective dates of entry).

## RELEVANT LAW REGARDING RULE 60(a)

The Tenth Circuit has held, pursuant to rule 60(a) of the Federal Rules of Civil Procedure,

that clerical mistakes in judgments may be corrected by the court at any time.  See Morrison

Knudsen Corp. v. Ground Improve. Techniques, Inc., 532 F.3d 1063, 1085 (10th Cir. 2008);

McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 681-82 (10th Cir. 1989).  Rule 60(a) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or
> omission whenever one is found in a judgment, order, or other part of the record. The
> court may do so on motion or on its own, with or without notice. But after an appeal
> has been docketed in the appellate court and while it is pending, such a mistake may
> be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).  "Rule 60(a) may be relied on to correct what is erroneous because the thing

spoken, written, or recorded is not what the person intended to speak, write, or record." McNickle

v. Bankers Life & Cas. Co., 888 F.2d at 682 (citing Allied Materials Corp. v. Superior Prods. Co.,

620 F.2d 224, 226 (10th Cir. 1980)).  See United States v. Griffin, 782 F.2d 1393, 1396-97

(7th Cir. 1986)("If the flaw lies in the translation of the original meaning to the judgment, then Rule

60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then

the parties must seek another source of authority to correct the mistake.").  Rule 60(a) may not be

used to change something that was deliberately done, even though it was later discovered to be

wrong.  See McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682 (citations omitted).  A correction under rule 60(a) should require no additional proof.  See, e.g., Trujillo v. Longhorn Mfg. Co., 694 F.2d 221, 226 (10th Cir. 1982).

"A Rule 60(a) motion may not be used to alter the rate of prejudgment interest because that would call into question the substantive correctness of the judgment rather than remedy a clerical error or omission."  McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682 (citing Dalton v. First Interstate Bank, 863 F.2d 702, 704 (10th Cir. 1988)).  In Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., the district court applied an incorrect rate of post-judgment interest in its judgment, and the Tenth Circuit remanded, instructing the district court to amend the judgment to reflect the accurate post-judgment interest rate.  See 532 F.3d at 1085.  In McNickle v. Bankers Life & Casualty Co., the plaintiffs filed a rule 60 motion seeking clarification of the court's grant of "interest" in its judgment and sought a statutory right to pre-judgment interest.  The district court denied the motion, finding that it was impossible from the record to determine the date from which the defendant's liability for pre-judgment interest commenced, and held that the omission involved was more than a mere clerical error and could not be remedied pursuant to rule 60(a).  The Tenth Circuit reviewed the district court's ruling under an abuse of discretion standard and found that the district court erred in two ways: (i) the district court mischaracterized the plaintiffs' Rule 60(a) motion as an original request for prejudgment interest when the plaintiffs had requested relief in the form of "interest" in their complaint, which encompassed all interest, both pre- and post-judgment; and (ii) the date pre-judgment interest commenced was discernable from the facts before the district court.  See 888 F.2d at 681.  The Tenth Circuit explained:

> By their Rule 60(a) motion, the plaintiffs essentially requested the court to insert the omitted particulars of the prejudgment interest award. This was neither an original post-judgment request for prejudgment interest nor a request that the amount due to

them be changed in any way.  Rule 60(a) specifically addresses the problem of omissions in judgments.

McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682.  In Kosnoski v. Howley, 33 F.3d 376 (4th Cir. 1994), the district court, in its memorandum opinion and order, had stated that the defendant "was entitled to receive $ 90,022.10 (i.e., 5% of $ 1,800,442.00) plus any appropriate pre-judgment and post-judgment interest at the legal  rate."  33 F.3d at 377.  The plaintiff refused to pay pre-judgment interest because the district court had not set a date from which interest would begin to accrue, and the defendant filed a rule 60(a) motion asking the court to calculate the pre-judgment interest.  See 33 F.3d at 377.  The district court amended its original order to include calculations of pre-judgment interest and stated the rate for post-judgment interest.  See 33 F.3d at 377-78.  The plaintiff appealed, arguing that the amendment was improper under rule 60(a).  The United States Court of Appeals for the Fourth Circuit found that the district court's opinion amending its previous opinion to include a calculation of the interest was proper, stating:

> The facts of this case demonstrate the ministerial nature of the court's responsibility: both parties understood that interest had been awarded; both parties understood that West Virginia law set the rate of prejudgment interest at ten percent; and both parties understood the time frame for computation.  The court's only task was to do the calculation and make the amount official.  We simply do not believe that by performing this function the court altered or amended the judgment.  Rather, we are persuaded that the court, in undertaking such a task, merely supplies a figure to the judgment, the amount of which already had been fixed at the time of the entry of judgment.  This omission is the type of error that is properly within the scope of Rule 60(a) . . . .  The task required of the court was completely ministerial, and involved the mere application of a series of facts previously determined to a set formula in order to elucidate a part of the judgment order that, while providing notice to all as to their positions, was sufficiently inexact to allow Kosnoski to attempt not to comply.

33 F.3d at 379.

## ANALYSIS

The Court entered a Final Judgment in this case on December 30, 2004, more than five years

-12-

ago.  The Court amended the judgment amount in its March 1, 2007 Memorandum Opinion and Order.  The parties are now in dispute over which of those dates dictate the measuring point of the Court's award of pre-judgment and post-judgment interest.  To resolve the dispute, the Court will address the Court's language in its March 1, 2007 Memorandum Opinion and Order.  Based on the clear precedent regarding the proper date of judgment used for calculating the end of pre-judgment interest and the start of post-judgment interest, the Court will clarify that the parties must use the date of the Court's Final Judgment -- December 30, 2004 -- to calculate pre-judgment and post-judgment interest and the Court will set forth the proper interest rates and dates upon which interest accrues on the amounts due on the judgment and on the award of attorney fees and costs.

## I.   THE COURT MAY CLARIFY ITS OPINION PURSUANT TO RULE 60(A).

The dispute before the Court turns on what the Court intended when it revised paragraph X in its December 30, 2004 Findings of Fact and Conclusions of Law in a subsequent Memorandum Opinion and Order issued on March 1, 2007.  Belt Con brought this motion under rule 60(a), which permits the Court to correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Metric does not dispute the procedural basis upon which Belt Con has brought this motion to the Court, but requests that the Court either deny the motion or affirm that the pre-judgment and post-judgment interest should be calculated as Metric has calculated it in its response briefing.

Rule 60(a) empowers the Court to correct a clerical ambiguity in its Judgment and Orders.  See Fed. R. Civ. P. 60(a).  The Tenth Circuit has previously held that rule 60(a) permits the Court to address the particulars of a prejudgment award.  See McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682.  In this case, the language that causes the parties' dispute is the Court's amendment to paragraph X.  The Court, in its March 1, 2007 Memorandum Opinion and Order, stated:

-13-

> Paragraph X shall read: "The contract balance that Metric owes Belt Con is $132,256.00, but is offset by $6,000.00, which Metric is entitled to recover for clean up costs, and $2,900.00, which Metric is entitled to recover for pipe identification costs. Metric thus owes $123,356.06 plus prejudgment interest on the contract balance for the period starting November 14, 2001 and ending the date of this order. Belt Con is entitled to recover attorney fees and costs."

March 1, 2007 Memorandum Opinion and Order at 41. In its December 30, 2004 Findings of Fact and Conclusions of Law, the Court found that Belt Con is entitled to pre-judgment interest:

> I.     Belt Con is entitled to recover pre-judgment interest on the contract balance at 10% per annum. The parties stipulated to September 10, 2001 as the date for the PT Building's substantial completion. The parties stipulated to November 14, 2001 as the date for the Dormitory Buildings' substantial completion. Belt Con is entitled to recover Pre-judgement interest for the period stating November 14, 2001 and ending the date of this order.

Findings of Fact and Conclusions of Law at 16. Paragraph X in the Findings of Fact and Conclusions of Law originally stated:

> X.     The contract balance that Metric owes Belt Con is $132,256.06, but is offset by $6,000.00 that Metric is entitled to recover for clean up costs. Metric thus owes $126,256.06 plus prejudgment interest on the contract balance in the amount of $39,467.99. Thus, Metric owes Belt Con $165,724.05 total, plus attorney fees and costs.

Findings of Fact and Conclusions of Law at 21. The amendment was intended to reflect the Court's amended finding that the contract price was offset by both clean-up costs and pipe-identification costs. The Court, however, did not recalculate and state the prejudgment interest amount, but rather took the language from its finding in paragraph I and restated that language. The Court did not intend to extend the pre-judgment interest to the date of the March 1, 2007 order, but rather intended solely to add the offset of the pipe identification costs to the damages figure in paragraph I, as restated in paragraph X. "Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record." McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682 (citing Allied Materials Corp. v. Superior Prods. Co.,

-14-

620 F.2d 224, 226 (10th Cir. 1980)).  The Court is not convinced that the March 1, 2007 Order's meaning is ambiguous.  Rather, the flaw lies in Belt Con's translation of the Court's intended meaning.  Nevertheless, the Court believes that it is proper for the Court in this Opinion, pursuant to rule 60(a), to conduct the ministerial task of stating the proper pre-judgment and post-judgment interest rates and the proper date from which the accrual of the interest should be measured.  The Court also believes that the Tenth Circuit's precedent dictates that such an action is appropriate under rule 60(a).  See McNickle v. Bankers Life & Cas. Co., 888 F.2d at 682; Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., 532 F.3d at 1085.

**II.    PRE-JUDGMENT INTEREST STOPPED ACCUMULATING AND POST-JUDGMENT INTEREST STARTED ACCUMULATING ON THE DATE OF JUDGMENT -- DECEMBER 30, 2004.**

Belt Con contends that the Court's March 1, 2007 Memorandum Opinion and Order reducing the contract balance in the Findings of Fact and Conclusions of Law is the judgment to which pre-judgment interest should be calculated and the date upon which the rate of post-judgment interest is set.  See Motion at 4-5.  Metric argues that the date the Final Judgment was entered -- December 30, 2004 -- is the controlling date because it is the only date that complies with 28 U.S.C. § 1961, and the only date internally consistent with both the Court's Findings of Fact and Conclusions of Law and the Court's Memorandum Opinion and Order revising those findings. See Response at 1.

The Tenth Circuit has held that post-judgment interest "should be calculated from the date that the plaintiff's damages are meaningfully ascertained and included in a final, appealable judgment." Wilson v. Union Pac. R.R. Co., 56 F.3d at 1233.  In Young v. American Nutrition, Inc., the district court filed its judgment and five days later filed an amended judgment, and in an opinion specifying pre-judgment and post-judgment interest, the district court used the date of its original

judgment, and not its amended judgment to set the interest rates and figures.  The Tenth Circuit

affirmed this decision.  See 537 F.3d at 1146 ("Judgment was entered in this case when the court

filed a separate document in accordance with Rule 58, and the district court correctly used that date

as the time for the post-judgment interest rate to be applied.").  In Marshall v. Perez-Arzuaga,

866 F.2d 521, 523-524 (1st Cir. 1989), the United States Court of Appeals for the First Circuit held

that "entry of judgment" in § 1961(a) means the initial entry of the district court's judgment as

opposed to the later entry of the court's judgment.  The Tenth Circuit has cited Marshall v.

Perez-Arzuaga with approval in holding that post-judgment interest accrues with the "first

document" that "meets the requirements of Rule 58."  Hull by Hull v. United States, 971 F.2d 1499,

1509 (10th Cir. 1992), cert. denied, 507 U.S. 1030 (1993).  Other circuits have also consistently held

that the point from which pre-judgment and post-judgment interest is ascertained is the date of the

original judgment, even when the judgment is later altered or amended.  See Greenway v. Buffalo

Hilton Hotel, 143 F.3d at 55; Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d at 97-100; In re

Lower Lake Erie Iron Ore Antitrust Litig., 998 F.2d 1144, 1177-78 (3d Cir. 1993); Georgia Ass'n

of Retarded Citizens v. McDaniel, 855 F.2d at 799.

        The first document, and indeed the only document, to meet the requirements of rule 58 in

this case is the Court's Final Judgment entered December 30, 2004.  When the Court filed its

Findings of Fact and Conclusions of Law and Final Judgment, Belt Con's damages were

meaningfully ascertained.  Although the Court's March 1, 2007 Memorandum Opinion and Order

reduced the amount of those damages, and the post-judgment interest calculation from December

30, 2004 must be calculated using that reduced damage award, the Memorandum Opinion and Order

is not a judgment pursuant to rule 58.  This situation is not one in which it is unclear whether the

Court has entered a judgment that satisfies rule 58.  See, e.g., Hull v. United States, 971 F.2d 1499,

1509 (10th Cir. 1992)(holding that post-judgment interest accrued from the entry of an order nunc

pro tunc, the first document that met the requirements of rule 58, and not the district court's entry

of its findings of fact and conclusions of law eight months earlier).  Here, the Court entered its Final

Judgment the same day that it issued its Findings of Fact and Conclusions of Law.

      Belt Con argues that the Court's December 30, 2004 Final Judgment was not final until the

Court ruled on Metric's Motion to Alter or Amend the Judgment, and argues that the Motion to Alter

or Amend suspended the finality of the December 30, 2004 judgment so it cannot be the correct date

from which the interest is calculated.  See Reply at 2.  For this proposition, Belt Con relies on the

United States District Court for the District of Kansas' opinion in Ramirez v. IBP, Inc., 35 F. Supp.

2d 779 (D. Kan. 1998), which stated: "It is true that the defendant's pending motion for a new trial

'suspends the finality of the judgment.'"  35 F. Supp. 2d at 782 (quoting 11 Wright, Fed. Prac. &

Proc. § 2812, at 141 (2d ed. 1995)).  The District of Kansas, however, did not find that the date upon

which post-judgment interest was measured was suspended.  The next sentence after the proposition

upon which Belt Con relies states:

> Even so, the judgment entered on December 11, 1996, ascertained in a meaningful
> way the plaintiff's damages, and post-judgment interest from that date would
> compensate the plaintiff "for being deprived of compensation for the loss between
> the ascertainment of the damage and payment by the defendant."  See Kaiser
> Aluminum[& Chem. Corp v. Bonjorno], 494 U.S. at 835-36 (quotation omitted).
> Consistent with Kaiser Aluminum[& Chem. Corp v. Bonjorno], Marshall [v. Perez-
> Arzuaga, 866 F.2d 521 (1st Cir. 1989)], In re Lower Lake Erie Iron Ore Antitrust
> Lit., 998 F.2d 1144 (3d Cir. 1993)], and Hull by Hull [v. United States, 971 F.2d
> 1499 (10th Cir. 1992)], the plaintiff here is entitled to recover post-judgment interest
> calculated from the judgment entered on December 11, 1996.

35 F. Supp. 2d at 783.  The District of Kansas also relied upon the United States Court of Appeals

for the First Circuit's opinion in Marshall v. Perez-Arzuaga, 866 F.2d 521, which stated: "[B]y its

terms § 1961(a) does not require that a judgment be final for all purposes . . . The import of § 1961,

coupled with Rule 58, is clear: interest runs from the date judgment is entered." <u>Ramirez v. IBP, Inc.</u>, 35 F. Supp. 2d at 781-82 (quoting <u>Marshall v. Perez-Arzuaga</u>, 866 F.2d at 523-24).  The <u>Ramirez v. IBP, Inc.</u> decision, therefore, does not support Belt Con's proposition.  The Court, in its own research, has found no cases that support Belt Con's contention.

Belt Con also argues that it is within the Court's discretion to award pre-judgment interest and argues that March 1, 2007 was clearly the Court's intention as the date to which pre-judgment interest runs, stating: "The court apparently recognized the harm to Belt Con in its Order that pre-judgment interest run to 'the date of this Order.'" Reply at 3.  While the Court has discretion to award pre-judgment interest, <u>see</u> <u>Caldwell v. Life Ins. Co. of N. Am.</u>, 287 F.3d at 1287, and §1961 does not apply to pre-judgment interest, it was not the Court's intention to award Belt Con pre-judgment interest that continued past the date of judgment -- December 30, 2004 -- and running up until March 1, 2007.  The language in the March 1, 2007 Memorandum Opinion and Order reflected the amendments needed in the December 30, 2004 Findings of Fact and Conclusions of Law and accompanying Final Judgment, and were intended to relate back to those documents.  Thus, when the Court stated "the date of this Order" it intended that to be the language in the revised Findings of Fact and Conclusions of Law, and thus indicate that pre-judgment interest should be measured up to December 30, 2004.  The Court did not vacate its December 30, 2004 Final Judgment.  Moreover, the Court has found no cases in which a court has awarded pre-judgment interest that accumulated past the date of judgment and Belt Con's interpretation of the Court's amendment does not have a sound basis in the law or the facts of this case.

III.    **THE PARTIES AGREE THAT POST-JUDGMENT INTEREST ON THE AWARD OF ATTORNEY FEES AND COSTS SHOULD BE CALCULATED SEPARATE FROM THE POST-JUDGMENT INTEREST ON THE DAMAGE AWARD.**

In its reply, Belt Con stated that it had reviewed Metric's position on the proper method of

calculating post-judgment interest and now agrees that the calculation of post-judgment interest on the fees and costs award should be calculated separately from the calculation of post-judgment interest on the damage award.  The Court has reviewed the case law that Metric cited in support of its position and agrees with the parties' conclusion that two separate calculations are necessary. See Greene v. Safeway Stores, Inc., 2000 U.S. App. LEXIS 8541, at *6 (stating that "it is necessary in some cases to apply different start dates and rates of postjudgment interest to difference components of a money judgment.").  The parties also agree that the post-judgment interest on the Court's award of attorney fees should be set as of the date of the award -- December 1, 2007. See Memorandum Opinion and Order, filed December 1, 2007 (Doc. 158).  The Court agrees that December 1, 2007 is the proper date from which interest on the attorney fees began to accrue, as it is the date that the Court quantified the fees.  See MidAmerica Fed. Sav. & Loan Assoc. v. Shearson/American Express, Inc., 962 F.2d 1470, 1475-76 (10th Cir. 1992)(holding that interest accrues from the date of judgment quantifying attorney fees rather than from a judgment that establishes only that the prevailing party is entitled to such fees).   The parties also agree, and the Court has confirmed, that the applicable interest rate for the attorney fees and costs is 3.25%.  The Court, therefore, orders that the post-judgment interest on the attorney fees and costs be calculated separately from the post-judgment interest on the damages award.

## IV.   METRIC WILL PAY BELT CON PRE- AND POST-JUDGMENT INTEREST BASED ON THE APPLICABLE INTEREST RATES.

The Court, in its Findings of Fact and Conclusions of Law, found that Belt Con is entitled to recover pre-judgment interest on the contract balance at 10% per annum from November 14, 2001 until December 30, 2004.  See Findings of Fact and Conclusions of Law ¶ I, at 16.  Based on the revised contract balance of $123,356.06 and an interest rate of 10%, the pre-judgment interest totals

$38,561.44.

Post-judgment interest is governed by 28 U.S.C. § 1961, and is computed by taking the amount of the judgment awarded and multiplying it by the rate of interest equal to the most recent auction of 52-week T-bills settled before the entry of the judgment.  Post-Judgment interest is calculated daily on a full 365-day basis and compounded annually.  See Post-Judgment Interest Methods, available at  http://www.uscourts.gov/postjud/methods.html. Post-Judgment interest on the contract balance began accruing on December 30, 2004 -- the date the Court entered its Final Judgment.  The applicable rate of interest is 2.71%.  Metric, therefore, must pay Belt Con post-judgment interest on $161,917.50 at an interest rate of 2.71% accumulating from December 30, 2004 until paid.

The Court awarded $146,602.97 in attorney fees and costs in its December 1, 2007 Memorandum Opinion and Order.  The applicable interest rate is 3.25%.  Metric, therefore, must pay Belt-Con post-interest judgment interest on $146,602.97 at an interest rate of 3.25% accumulating from December 1, 2007 until paid.

**IT IS ORDERED** that Metric pay Belt Con $38,561.44 in pre-judgment interest, and pay Belt Con post-judgment interest on $161,917.50 at an interest rate of 2.71% accumulating from December 30, 2004 until paid, and pay Belt Con post-judgment interest on the attorney fees and costs award of $146,602.97 at an interest rate of 3.25% accruing from December 1, 2007 until paid.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Travis R. Colloer
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

 William J. Derrick
Law Office of William J. Derrick, P.C.
El Paso, Texas

-- and --

Francis S. Ainsa
Ainsa Hutson, LLP
El Paso, Texas

-- and --

Charles McNabb
El Paso City Attorney's Office
El Paso, Texas

   *Attorneys for Use Plaintiff Belt Con Construction, Inc.*

Barney James Reeves
Las Cruces, New Mexico

-- and --

Steven D. Meacham
Peel Brimley, L.L.P.
Seattle, Washington

   *Attorneys for the Defendant Metric Construction, Inc.*